**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

**Gavin W. Bruce**
Assistant U.S. Attorney
Gavin.Bruce@usdoj.gov
(541) 465-6771
*Reply to Eugene Office*



**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
William M. Narus
Acting United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

March 19, 2025

Michelle Kerin
Angeli Law Group, LLC
121 SW Morrison Street, Suite 400
Portland, OR 97204

      Re:    *United States v. Michael Malekzadeh*
             Case No. 6-22-cr-00262-MC-01
             Plea Agreement Letter

Dear Counsel:

1. **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2. **Charges**: Defendant agrees to plead guilty to Counts 1 and 2 of the Information, which charge Wire Fraud and Conspiracy to Commit Bank Fraud in violation of Title 18, United States Code, Section 1343 and 1349.

3. **Penalties**: The maximum sentence for Count 1, Wire Fraud, is 20 years' imprisonment, a fine of $250,000 or twice the gross pecuniary gains or losses resulting from the offense if such amount exceeds $250,000, three years of supervised release, and a $100 fee assessment. The maximum sentence for Count 2, Conspiracy to Commit Bank Fraud, is 30 years' imprisonment, a fine of $1,000,000, five years of supervised release, and a $100 fee assessment. Defendant agrees to pay the fee assessment at the time of sentencing or explain to the Court why this cannot be done. Defendant further stipulates to the forfeiture of the assets as set forth below.

4. **Dismissal/No Prosecution**: The USAO will move at the time of sentencing to dismiss any remaining counts against defendant. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

Michelle Kerin
Re: Michael Malekzadeh Plea Agreement Letter
Page 2
March 19, 2025

5. **Elements and Factual Basis**: In order for defendant to be found guilty of Counts One and Two of the Information, the government must prove the following elements beyond a reasonable doubt:

Wire Fraud

1. First, the defendant knowingly devised a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises;

2. Second, the statements made or facts omitted as part of the scheme were material, that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

3. Third, the defendant acted with the intent to defraud, that is, the intent to deceive and to cheat; and

4. Fourth, the defendant used, or caused to be used, an interstate wire communication to carry out or attempt to carry out an essential part of the scheme.

Conspiracy to Commit Bank Fraud

1. Two or more persons, in some way or manner, agreed to try to accomplish a common and unlawful plan to commit a Bank Fraud, as charged in the indictment; and

2. The defendant knew the unlawful purpose of the plan and willfully joined in it.

Defendant has fully discussed the facts of this case and any potential defenses with defense counsel. Defendant has committed each of the elements of the crimes to which defendant is pleading guilty and admits there is a factual basis for defendant's guilty pleas. Without prejudice to either party to provide additional facts to the Court, the following facts are true and undisputed:

Michael Malekzadeh owned and operated Zadeh Kicks LLC, an LLC incorporated in Oregon that sold limited edition and collectable sneakers online. Malekzadeh initially purchased sneakers and sold his inventory. However, beginning in or around 2019, he began advertising, selling, and collecting payments for the purchase of sneakers before their public release dates, known as preorders. He would price the preorders at near or below MSRP to drive up the number

Michelle Kerin
Re: Michael Malekzadeh Plea Agreement Letter
Page 3
March 19, 2025

of orders received. Customers would pay for the sneakers via PayPal or wire transfer prior to their release date.

Malekzadeh did not have the ability to purchase the sneakers for less than the price at which he presold the sneakers. Instead, he purchased sneakers from other third-party vendors for at or above retail price.

By or near the Fall of 2020, Malekzadeh began advertising, selling, and collecting payments from victims for preorder sneakers knowing he could not satisfy all orders placed. For customers who did not receive the preordered sneakers, Malekzadeh offered a combination of refunds and gift cards. He offered to "buy back" the undelivered sneakers from customers at a premium, offering cash and gift cards in excess of the amounts paid by his customers for the sneakers. In some instances, Malekzadeh also delayed sending sneakers, sometimes for up to a year, and left numerous orders unfulfilled without providing a refund or gift card to customers.

By April 2022, Malekzadeh and Zadeh Kicks LLC owed customers over $65 million for undelivered sneakers.

For purposes of executing the scheme to defraud, Malekzadeh knowingly transmitted and caused to be transmitted by means of interstate wire communications an electronic funds transfer of $2,400,000 from PayPal to Zadeh Kicks LLC's bank account in Oregon on January 10, 2022, as charged in Count 1 of the Information.

To purchase sneakers and run operations at Zadeh Kicks LLC, Malekzadeh and his co-conspirator Bethany Mockerman applied for numerous loans at Financial Institutions. As part of those applications for loans, Malekzadeh and Mockerman provided altered and false financial information from Zadeh Kicks LLC. The false information included altered bank statements that removed reference to other loans Zadeh Kicks LLC received.

These false financial statements and altered bank records were provided to the Victim Financial Institutions for the purpose of influencing their decision to loan money to the business.

In total, Malekzadeh and Mockerman submitted over 15 fraudulent loan applications, all of which contained false and altered financial information. They received over $15 million in funds from these loan applications.

6.   **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

Michelle Kerin
Re: Michael Malekzadeh Plea Agreement Letter
Page 4
March 19, 2025

7. **Relevant Conduct**: The parties agree that the following guideline calculations presently apply in this case:

- Base Offense: 7 (USSG § 2B1.1 (a)(1))
- Loss: +22 (USSG § 2B1.1 (b)(2)(M))
- Victim Enhancement: +6 (USSG § 2B1.1(b)(2)(C))
- Gross receipts of >$1,000,000 from a financial institution: +2 (USSG § 2B1.1(b)(17)(A))
- Acceptance of Responsibility (USSG § 3E1.1): -3
    - **Total Offense Level: 34**

8. **Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level (two levels if defendant's offense level is less than sixteen). The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

9. **Additional Departures, Adjustments, or Variances**:

    A. The government agrees to recommend a four-level variance under 18 U.S.C. § 3553. Defendant reserves the right to seek up to a 7-level variance from the applicable sentencing guideline range determined by the Court under 18 U.S.C. § 3553.

    B. Defendant agrees that, should defendant seek a downward departure, adjustment, or variance from the applicable guideline range determined by the Court and Probation Office, defendant will provide the government with notice of: (1) the factual basis for such request; (2) any evidence defendant intends to introduce or rely upon at the sentencing hearing; and (3) any witnesses, including expert witnesses, defendant intends to call or rely upon at the sentencing hearing. Such notice must be provided to the government no later than the Wednesday prior to the week during which the sentencing hearing is scheduled. Defendant agrees that if defendant fails to comply with this notice requirement, defendant will not oppose a government motion for a postponement of the sentencing hearing.

10. **Sentencing Recommendation**: The USAO will recommend an 84-month prison sentence, as long as defendant demonstrates an acceptance of responsibility as explained above. Defendant may seek a sentence as low as a 54-month prison sentence.

Michelle Kerin
Re: Michael Malekzadeh Plea Agreement Letter
Page 5
March 19, 2025

11.     **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). In the event that any of defendant's convictions under this agreement are vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

12.     **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

13.     **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

14.     **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea. If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

15.     **Restitution**: Defendant agrees fully to disclose all assets in which defendant has any interest or over which defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party. Defendant agrees to truthfully complete the Financial Disclosure Statement provided herein by the earlier of fourteen days from defendant's signature on this plea agreement or the date of defendant's entry of a guilty plea, sign it under penalty of perjury, and provide it to both the USAO and the United States Probation Office. Defendant

Michelle Kerin
Re: Michael Malekzadeh Plea Agreement Letter
Page 6
March 19, 2025

agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances.

Defendant expressly authorizes the USAO to obtain a credit report on defendant. Defendant agrees to provide waivers, consents, or releases requested by the USAO to access records to verify the financial information. Defendant also authorizes the USAO to inspect and copy all financial documents and information held by the U.S. Probation Office.

The parties agree that defendant's failure to timely and accurately complete and sign the Financial Disclosure Statement, and any update thereto, may, in addition to any other penalty or remedy, constitute defendant's failure to accept responsibility under USSG § 3E1.1.

**Transfer of Assets**
Defendant agrees to notify the Financial Litigation Unit of the USAO before defendant transfers any interest in property with a value exceeding $5,000 owned directly or indirectly, individually or jointly, by defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations.

**Restitution**
The Court shall order restitution to each victim in the full amount of each victim's losses as determined by the Court. Defendant agrees to pay restitution for all losses caused by defendant's conduct, regardless of whether counts of the Indictment dealing with such losses will be dismissed as part of this plea agreement.

Defendant agrees that restitution for the Wire Fraud conviction will be no less than $68,528,147.15. He agrees that restitution for the Conspiracy to Commit Bank Fraud conviction shall be no less than $15,944,321.43.

The government agrees that any payments victims have received or will receive through disposition of defendants' personal or corporate assets shall be credited against the amount due in restitution. This includes but is not limited to payments made to victims as part of the receivership established in *In re Judicial Dissolution of Zadeh Kicks LLC dba Zadeh Kicks,* Lane County Circuit Court Case No. 22CV16510 and any payments made to victims from the disposition of monies or property forfeited to the government. The Defendant understands that, while the government will submit a request to have forfeited funds applied to the restitution obligation provided that the applicable regulations are met, Defendant has no right to have forfeited funds applied to his restitution obligation and the Court has no jurisdiction to order forfeited funds applied to his restitution obligation.

Michelle Kerin
Re: Michael Malekzadeh Plea Agreement Letter
Page 7
March 19, 2025

      In addition to known, ascertainable losses incurred by victims of Count 1, the parties will allow a reasonable opportunity for victims to provide requests for and documentation justifying a restitution order in their name. In the event that requests for restitution do not reach $68,528,147.15, or the final amount of restitution after proper credits as described above (whichever is less), defendant agrees that the remaining restitution shall be ordered payable to the United States Crime Victims Fund (CVF). The government agrees that any payments made to victims or to the CVF from the disposition of monies or property forfeited to the government, shall be credited against the amount due in restitution.

      Defendant understands and agrees that the total amount of any monetary judgment that the Court orders defendant to pay will be due. Defendant further understands and agrees that pursuant to 18 U.S.C. § 3614, defendant may be resentenced to any sentence which might have originally been imposed if the court determines that defendant has knowingly and willfully refused to pay a fine or restitution as ordered or has failed to make sufficient bona fide efforts to pay a fine or restitution. Additionally, defendant understands and agrees that the government may enforce collection of any fine or restitution imposed in this case pursuant to 18 U.S.C. §§ 3572, 3613, and 3664(m), notwithstanding any initial or subsequently modified payment schedule set by the court. Defendant understands that any monetary debt defendant owes related to this matter may be included in the Treasury Offset Program to potentially offset defendant's federal retirement benefits, tax refunds, and other federal benefits.

      Pursuant to 18 U.S.C. § 3612(b)(1)(F), defendant understands and agrees that until a fine or restitution order is paid in full, defendant must notify the USAO of any change in the mailing address or residence address within 30 days of the change. Further, pursuant to 18 U.S.C. § 3664(k), defendant shall notify the Court and the USAO of any material change in defendant's economic circumstances that might affect defendant's ability to pay restitution, including, but not limited to, new or changed employment, increases in income, inheritances, monetary gifts, or any other acquisition of assets or money.

16.    **Forfeiture Terms**:

    A.    **Assets and Authority**: By signing this agreement, defendant knowingly and voluntarily forfeits all right, title, and interest in and to all assets which are subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2)(A), and 28 U.S.C. § 2461(c), including all property listed in the Fourth Bill of Particulars, which defendant admits constitute the proceeds of defendant's criminal activity or were used to facilitate defendant's criminal activity in violation of 18 U.S.C. § 1343, as set forth in Count 1 of the Indictment.

    B.    **Agreement to Civil Forfeiture**: Defendant agrees not to file a claim or withdraw any claim already filed to any of the listed property in any civil proceeding, administrative or

Michelle Kerin
Re: Michael Malekzadeh Plea Agreement Letter
Page 8
March 19, 2025

judicial, which may be initiated. Defendant further waives the right to notice of any forfeiture proceeding involving this property and agrees not to assist others in filing a claim in any forfeiture proceeding.

      C.    **No Alteration or Satisfaction**: Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of assets. Defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets, including any claim or defense under the Eighth Amendment to the United States Constitution, and any rights under Rule 32.2 of the Federal Rules of Criminal Procedure. Defendant further agrees forfeiture of defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon defendant in addition to forfeiture.

      D.    **Title Assistance**: Defendant agrees to fully assist the USAO in the forfeiture of the listed assets and to take whatever steps are necessary to pass clear title to the United States, including but not limited to surrender of title and execution of any documents necessary to transfer defendant's interest in any of the above property to the United States, and assist in bringing any assets located outside the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture.

      E.    **Assets Not Identified**: The USAO reserves its right to proceed against any remaining assets not identified either in this agreement or in the civil actions which are being resolved along with this plea of guilty, including any property in which defendant has any interest or control, if said assets, real or personal, tangible or intangible, are subject to forfeiture.

      F.    **Final Order of Forfeiture**: Defendant agrees not to contest entry of a Final Order of Forfeiture reflecting these forfeiture terms at the conclusion of the criminal case.

///

///

///

///

///

///

Michelle Kerin
Re: Michael Malekzadeh Plea Agreement Letter
Page 9
March 19, 2025

17.  **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

Sincerely,

WILLIAM M. NARUS
Acting United States Attorney

GAVIN W. BRUCE
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

3/20/25
Date

Michael Malekzadeh, Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

3/20/2025
Date

Michelle Holman Kerin
Attorney for Defendant