UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA | 6:22-cr-00262-MC-01 |
| v. | PRELIMINARY ORDER OF FORFEITURE AND FINAL ORDER OF FORFEITURE AS TO DEFENDANT MICHAEL MALEKZADEH |
| MICHAEL MALEKZADEH and BETHANY MOCKERMAN, | |
| **Defendants.** | |

Defendant, Michael Malekzadeh, entered into a plea agreement and pleaded guilty to Counts 1 and 2 of the Information..

In the forfeiture allegation of the Information in the above case, the United States sought forfeiture of all property of the defendant, Michael Malekzadeh, pursuant to pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2)(A), and 28 U.S.C. § 2461(c), as any property constituting, and derived from, proceeds defendants obtained directly and indirectly, as the result of said violations charged in Count 1.

Accordingly, it is ORDERED:

1.  Based upon the defendant, Michael Malekzadeh 's, plea of guilty to Count 1 of the Information, and pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure and 18 U.S.C. §§ 981, 982(a)(2)(A), and 28 U.S.C. § 2461(c); the United States is authorized to seize

the following property, and it is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n):

- $6,100,000.00 seized from Oregon Community Credit Union;
- $290,000.00 seized from Oregon Community Credit Union;
- $123,000.00 Monetary Instrument;
- 80 luxury high end watches;
- 101 luxury high end handbags, e.g. clutches, purses, duffle bags;
- 42 pieces of miscellaneous fine jewelry;
- One pair of Luis Vuitton sunglasses;
- One pair of Nike/Louis Vuitton Shoes;
- $31,286.50 seized from Selco Community Credit Union;
- $7,000.00 seized from Selco Community Credit Union;
- $113,000 seized from Oregon Community Credit Union;
- $825,977.92 Monetary Instrument;
- $43,000.00 U.S. Currency, proceeds from sale of Lexus GX 460;
- $19,200.00 U.S. Currency, proceeds from sale of personal property items; and
- $206,342.00 U.S. Currency, from Oregon Community Credit Union.

2. The forfeited property is to be held by the United States Marshal in its secure custody during the pendency of this action.

3. Pursuant to 21 U.S.C. § 853(n)(1) and Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, the United States shall publish on the official government internet site, www.forfeiture.gov, notice of this order, notice of the Marshal's intent to dispose of the property in such manner as the Attorney General may direct, and notice that any person, other than the defendant, having or claiming a legal interest in any of the above-listed forfeited property must file a petition with the court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property. The petition must be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in each of the forfeited properties and any additional facts

supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in property that is the subject of this Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

    4.    Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. Upon entry of this Order, the United States is authorized to conduct discovery in identifying, locating, or disposing of the asset(s) in accordance with Federal Rule of Criminal Procedure 32.2(b)(3).

    5.    Following the Court's disposition of all petitions filed, or if no such petitions are filed within the time prescribed by law, upon proof of publication and proof of notice to any persons known to have alleged an interest in the property, the United States shall have clear title to the property and may warrant good title to any subsequent purchaser or transferee as provided in Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure.

    IT IS SO ORDERED this  20th  day of March 2025.

        s/Michael J. McShane
**HONORABLE MICHAEL J. McSHANE**
United States District Judge

Presented by:

WILLIAM M. NARUS, CAB #243633
Acting United States Attorney

s/ *Gavin W. Bruce*
**GAVIN W. BRUCE, OSB #113384**
Assistant United States Attorney

**Preliminary Order of Forfeiture and Final Order of Forfeiture**        **Page 3**